JOHN C. GROEL, PROSECUTOR, v. THE MAYOR AND COMMON COUNCIL OF THE CITY OF NEWARK ET AL.

Submitted March 18, 1909—Decided June 30, 1909.

1. It is the right of a landowner specially affected by a public improvement to be informed, either by actual or constructive notice, of the time and place appointed for the meeting of council to consider their proposed action.
2. Where an ordinance is void for want of jurisdiction in council to pass it, by reason of absence of notice to persons affected, the error is fundamental, and cannot be cured by subsequent legislation.
3. A person affected by the passage of an illegal ordinance is not prejudiced in his rights by not attempting to set it aside until after an assessment is made under it, where it appears that he was led to believe that the general scheme of improvement was to be made at public expense and that no assessment would be levied against him.

On *certiorari.*

Before Justices REED, TRENCHARD and MINTURN.

For the prosecutor, *Riker & Riker.*

For the defendants, *Francis Child, Jr.*

The opinion of the court was delivered by

TRENCHARD, J.   This writ of *certiorari* brings up for review an assessment for benefits conferred by the construction of sewers, made upon the lands of the prosecutor in the territory formerly the borough of Vailsburgh, now a part of the city of Newark.

On November 16th, 1903, an ordinance to establish a system of lateral sewers, to be connected with the joint trunk or outlet sewer, was introduced in the borough council of Vailsburgh.   On December 9th, 1903, it passed finally and was approved by the mayor.   There was no notice of intention to pass the ordinance given, nor any notice that it was pending.   After its passage, and on the same day, a resolution was passed by the council to raise by bond issue the sum of $60,-000 to defray the cost of the sewers provided for in the ordinance.   This was in accord with the resolution adopted at a public meeting called by the borough council and attended by citizens, held November 12th, 1903.   At that meeting a resolution was unanimously adopted (all persons present being allowed to vote) that the system of sewers should be constructed at the expense of the borough and that no assessments should be made for the benefits arising from the improvements.   The borough made no assessment for benefits, but issued and sold the bonds to pay for the entire cost of the sewers.   After the sewers had been constructed, and sinking fund and interest charges paid on the bonds for one year, and on January 1st, 1905, Vailsburgh was annexed to the city of Newark under the provisions of an act approved March 29th, 1904.   *Pamph. L., p.* 379.   Under the terms of the annexation the city of Newark was required to pay the bonded indebtedness of Vailsburgh.

After the annexation of the borough to the city of Newark the legislature passed an act entitled "An act to authorize consolidated and annexed municipalities to make assessments for local improvements," approved April 29th, 1905 (*Pamph. L., p.* 414), declaring in substance that whenever municipalities, or portions thereof, have been annexed to, or consolidated with any other city, and any local improvement

or improvements have been or shall be made in and by such municipality so annexed, prior to such annexation or consolidation, for or, on account of which no assessment has been or shall be made upon the property in such municipality peculiarly benefited thereby, it shall be lawful for the proper local authorities of the city to which any such municipality is or shall be annexed, to make an assessment upon all property peculiarly benefited by such improvement.

Under this act the commissioners of assessment of the city of Newark have proceeded to levy an assessment for benefits upon the property of the prosecutor within the limits of what was formerly the borough of Vailsburgh, for the construction of the lateral sewers in Vailsburgh under the ordinance of December 9th, 1903. The assessment was presented to the judge of the Circuit Court and the rule confirming the report was signed and entered on January 16th, 1908, and on March 14th, 1908, this writ was allowed to review the same.

The prosecutor insists that the assessment was made without due process of law, and we think it was.

It is the right of a landowner specially affected by a public improvement to be informed, either by actual or constructive notice, of the time and place appointed for the meeting of council to consider their proposed action. This is so because the act is judicial in character; it being contrary to natural justice that a person should be bound by proceedings of a judicial character affecting his person or property without having an opportunity to be heard. *Camden* v. *Mulford*, 2 *Dutcher* 49; *State* v. *Orange*, 3 *Vroom* 49; *State* v. *Jersey City*, 5 *Id.* 31; *West Jersey Traction Co.* v. *Board of Public Works of Camden*, 27 *Id.* 431; *Landis* v. *Vineland*, 31 *Id.* 264; *Sears* v. *Atlantic City*, 43 *Id.* 435; *affirmed*, 44 *Id.* 710.

This right was denied the prosecutor, for there was no notice, either actual or constructive, to him. The public meeting of November 12th, 1903, did not amount to notice of an intention to pass an ordinance which might put a burden upon the property of the prosecutor. *State* v. *Morristown*, 5 *Vroom* 445, 454. It was not, strictly speaking, a

meeting of council, but rather a meeting of citizens of the borough, and was held several days before the ordinance in question was introduced. Moreover it was not adjourned, nor the subject-matter continued, to any time or place. On the contrary, the action taken at that meeting, the subsequent action of council in adopting the ordinance without notice, the making of the contract, the issuing of bonds for the payment of the whole cost, indicates that no assessment against the prosecutor was contemplated. By the supplement to the Joint Sewer act, approved April 8th, 1903 (*Pamph. L., p.* 497), council was authorized to determine by ordinance or resolution that the special benefits conferred upon property by the sewers in question should not be assessed upon the property specially benefited thereby, and it appears that council had been so advised by the borough solicitor.

Because of want of notice, either actual or constructive, to the prosecutor, the ordinance is wholly ineffectual as a basis for the assessment in question.

The ordinance upon which the assessment in question necessarily rests being invalid for want of jurisdiction by competent notice to the prosecutor, the defect is fundamental in that it deprived him of his constitutional right to be heard and it cannot be remedied by subsequent legislation such as the act of 1905. *Pamph. L., p.* 414. *Boice* v. *Plainfield,* 9 *Vroom* 95; *Maxwell* v. *Goetschius,* 11 *Id.* 383; *Meredith* v. *Perth Amboy,* 34 *Id.* 520.

The prosecutor is not precluded from challenging the assessment by reason of the fact that he did not attempt to set aside the ordinance until after an assessment had been made under it, because the case shows that he was led to believe that the general scheme of improvement was to be made at public expense, and that no assessment would be levied against his property. *Ogden* v. *City of Hudson,* 5 *Dutcher* 475.

The assessment under review, together with the preliminary proceedings upon which it rests, so far as they affect the prosecutor, must be set aside and vacated, with costs.